JS-6
O

# United States District Court
# Central District of California

| | |
|---|---|
| RAUL VILLARREAL, | Case № 2:16-cv-08747-ODW (AGR) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO REMAND [11]** |
| CENTRAL FREIGHT LINES, INC.; and DOES I–V, | |
| Defendants. | |

## I. INTRODUCTION

This Labor Commissioner appeal was removed from California Superior Court. (ECF No. 1.) Before the Court is Raul Villarreal's motion to remand. (ECF No. 11.) Finding that Central Freight Lines Inc. has not met its burden to show that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction, the Court **GRANTS** Villarreal's motion to remand.

## II. FACTUAL BACKGROUND

Villarreal worked as a truck driver for Central Freight from August 8, 2014, to April 30, 2015. (Not. of Claims ¶ 10, ECF No. 12-1.) During that time, he was classified as an independent contractor. (*Id.* ¶ 20.) On July 8, 2015, Villarreal filed a complaint with the Labor Commissioner alleging (1) that Central Freight violated

California Labor Code section 221 by making unlawful deductions from his wages and (2) that he is entitled to waiting time penalties under California Labor Code section 203. (Labor Comm'r Compl. 1, ECF No. 12-1.)[1]

On October 12, 2016, the Labor Commissioner found that Villarreal should have been classified as an employee and awarded him $54,058.99 in improperly deducted wages, $12,119.40 in waiting time penalties, and $7,864.48 in accrued interest for a total of $74,042.87. (Order, Decision or Award of the Labor Comm'r 11, 14.) Central Freight filed a notice of appeal on October 27, 2016, in the California Superior Court, County of Los Angeles. (Not. of Appeal, ECF No. 1-4.) On November 18, 2016, Villarreal filed a notice of claims, adding four additional causes of action to those previously alleged before the Labor Commissioner: (1) failure to provide a legally complaint paycheck stub under California Labor Code section 226; (2) failure to pay rest period premiums under California Labor Code section 227; (3) failure to pay rest periods under California Labor Code section 226.2; and (4) failure to pay minimum wages under California Labor Code section 1194. (Not. of Claims ¶¶ 22–62.)

On November 23, 2016, Central Freight removed this case to federal court. (ECF No. 1.) On December 28, 2016, Villarreal filed the pending motion to remand. (ECF No. 11.) The motion is now fully briefed and ready for decision. (ECF Nos. 12–13.)[2]

### III.  LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and by Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have

---

[1] Villarreal also asked for liquidated damages in his administrative complaint but withdrew that claim before the Labor Commissioner heard his case. (Labor Comm'r Compl. 1; Order, Decision or Award of the Labor Comm'r 2, ECF No. 12-1.)

[2] After carefully considering the papers filed in support of this motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

In evaluating a motion to remand, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In other words, there is a "strong presumption against removal" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

The defendant has the burden of establishing that removal is proper, including that the amount in controversy requirement is met. *See id.*; *see also Piazza v. EMPI, Inc.*, No. 1:07-CV-00954-OWWGSA, 2008 WL 590494, at *14 (E.D. Cal. Feb. 29, 2008); *Moye v. Wal-Mart Stores, Inc.*, No. 215CV00161RFBVCF, 2016 WL 1298715, at *4 (D. Nev. Mar. 31, 2016). The defendant's burden of proof as to the amount in controversy is generally satisfied "if the plaintiff claims a sum greater than the jurisdictional requirement" in the complaint. *Gaus*, 980 F.2d at 566. However, if it is unclear on the face of the complaint whether the amount in controversy requirement is met, then "the defendant bears the burden of actually proving the facts to support jurisdiction" "by a preponderance of evidence." *Id.* at 566–567 (citing *Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990)); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

### IV. DISCUSSION

Villarreal argues that Central Freight has failed to prove an amount in controversy exceeding the $75,000 threshold for diversity jurisdiction. (Mot. 2, ECF No. 11.) The parties agree that Villarreal's first two claims are worth **$66,178.39** ($54,058.99 in unlawful deductions plus $12,119.40 in waiting time penalties). (*See generally* Opp'n 3–4, ECF No. 12; Reply 5–7, ECF No. 13.) However, the parties disagree whether Villarreal's remaining claims and attorneys' fees total $8,821.62, the

amount necessary to exceed the $75,000 jurisdictional threshold. (*See generally* Opp'n 3–4; Reply 5–7.)

**A. The Value of Villarreal's Remaining Claims**

   **1.** *Paystub Claim*

Central Freight calculates the value of Villarreal's paystub claim at $3,050. (Opp'n 3.) Central Freight arrived at this figure by multiplying the number of weekly settlements Villarreal lists in the notice of claims (thirty-one settlements) with the statutory penalties accorded to each violation ($50 for the first violation plus $100 for subsequent violations). (*Id.*; Not. of Claims ¶ 31.)

Villarreal argues that this calculation is incorrect because it is unknown how often Central Freight pays its employees or whether Central Freight's settlement sheets are the legal equivalent of paystubs. (Reply 7.) The Court agrees with Central Freight's calculation. Apparently, Villarreal has forgotten that the notice of claims indicates he was paid on a weekly basis while working for Central Freight. (Not. of Claims ¶ 29.) Therefore, it makes sense that the weekly settlement sheets either served as, or at least corresponded in numerosity with, the number of paystubs Villarreal received during the course of his employment. Accordingly, the Court finds an additional **$3,050** creditable towards the amount in controversy.

   **2.** *Failure to Pay Rest Period Premiums Claim*

Central Freight next calculates the value of Villarreal's "rest period premium claim" at $5,452.52. (Opp'n 3–4.) Central Freight arrived at this figure by multiplying the number of alleged rest periods Villarreal missed (108)[3] with $50.48, which it argues is Villarreal's hourly wage.[4] (*Id.*; Notice of Claims ¶ 51.)

While the Court does not take issue with the propriety of Central Freight's proposed equation, it does take issue with Central Freight's calculation of Villarreal's

---

[3] California Labor Code section 226.7(c) provides that for every missed rest break, the employer shall pay the employee for one hour of work at the employee's "regular rate of compensation."

[4] Central Freight's proposed $50.48 hourly wage would equate to $105,351.76 over a typical 2087-hour work year.

hourly wage. Central Freight reached its hourly wage figure by taking the daily wage figure included in Villarreal's notice of claims ($403.89) and dividing it by eight. Central Freight divides by eight because it "assum[es] an eight hour [work] day." (Opp'n 3–4.)

The $403.89 figure originates from the second paragraph of the Labor Commissioner's findings of fact, which is attached to Villarreal's notice of claims and expressly incorporated into that document by reference. (Not. of Claims ¶¶ 1, 2, 21; Order, Decision or Award of the Labor Comm'r 2.) In the paragraph immediately preceding the paragraph where the $403.89 figure appears, the Labor Commissioner notes that Villarreal worked "14 hours a day." (Order, Decision or Award of the Labor Comm'r 2.) Therefore, it is unclear on what basis it would be reasonable for Central Freight to assume that Villarreal, a trucker, works "an eight hour day." (Opp'n 4.)

Further, it is entirely unclear why Central Freight needs to rely on an assumption about the number of hours Villarreal worked each day. Central Freight was Villarreal's employer as recently as April 30, 2015. (Not. of Claims ¶ 10.) Thus, it had knowledge of Villarreal's schedule and likely possesses detailed records that would allow for the calculation of this figure. Yet despite its position as Villarreal's employer, Central Freight has not put forth any evidence regarding the average number of hours Villarreal worked each day.

Faced with the unpleasant choice of accepting Central Freight's *completely* unsubstantiated assumption that Villarreal worked only eight hours a day, or using the fourteen-hour figure from the findings of fact attached to the notice of claims, the Court reluctantly adopts the fourteen-hour figure. Substituting fourteen for eight in Central Freight's equation, Villarreal's hourly wage is $28.85. By multiplying the number of missed rest periods Villarreal alleges (108) with his hourly wage ($28.85), the Court finds an additional **$3,115.80** creditable towards the amount in controversy.

3. *Failure to Pay Rest Periods Claim*

The last calculation Central Freight attempts is for Villarreal's "failure to pay rest periods" claim. Using the same logic and methodology it applied in the rest period premiums claim above, Central Freight effectively multiplies the number of missed rest periods Villarreal alleges (108) with its hourly rate ($50.48) and then divides that figure by six, given that each rest break is ten minutes long, for a total of $907.20. (Opp'n 4.) Inserting the more appropriate $28.85 hourly wage into this equation, the Court finds that Central Freight may credit an additional **$519.30** towards the amount in controversy.

### 4. *Failure to Pay Minimum Wages Claim*

Central Freight does not calculate the value of this claim. (Opp'n 3–4.) Therefore, the Court will not credit any additional monies from this claim towards the amount in controversy.

In sum, Central Freight can credit an additional **$6,685.10** ($3,050 + $3,115.80 + $519.30) towards the amount in controversy beyond the **$66,178.39**, which the parties agree is creditable. Therefore, Central Freight has, to this point, proved an amount in controversy of **$72,863.49**.

### B. Attorneys' Fees

Central Freight also argues that Villarreal's attorney fees' are creditable towards the amount in controversy. (Opp'n 4–6.) In the Ninth Circuit, statutorily authorized attorneys' fees are creditable towards the amount in controversy. *Camarreri v. Phillips 66 Co.*, No. CV 17-0202 FMO (JCX), 2017 WL 436386, at *3 (C.D. Cal. Jan. 31, 2017) (citing *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 976–77 (9th Cir. 2013)). Here, all of the attorneys' fees sought are statutorily authorized, and as a result, are creditable towards the amount in controversy. *See* Cal. Lab. Code §§ 98.2(c), 218.5(a), 226(e)(1), 1194(a).

With this in mind, the Court must determine the amount of attorneys' fees creditable toward the amount in controversy. As one district court correctly annunciated, "[t]he Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute." *Reames v. AB Car Rental Servs., Inc.*, 899 F. Supp. 2d 1012, 1018 (D. Or. 2012). However, a review of recent Central District of California decisions reveals a decided trend in favor of crediting only those attorneys' fees incurred before the filing of a notice of removal. *See, e.g.*, *Camarreri*, 2017 WL 436386, at *3; *Morin v. Am. Expediting Co.*, No. CV168552FMOAGRX, 2016 WL 7176568, at *3 (C.D. Cal. Dec. 9, 2016); *Bloomer v. Serco Mgmt. Servs., Inc.*, No. EDCV161655JGBRAOX, 2016 WL 4926409, at *2 (C.D. Cal. Sept. 15, 2016). The Court agrees that only attorneys' fees incurred before the filing of a notice of removal should be creditable towards the amount in controversy; future attorneys' fees are "entirely speculative" and are not in controversy at the time of removal. *Camarreri*, 2017 WL 436386, at *3; *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (indicating that courts are to examine the amount in controversy "at the time of removal" (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997))).

In this case, both sides seem to agree that Villarreal incurred $1,700 in attorneys' fees before the notice of removal was filed. (Opp'n 6; Reply 8.) Thus, the Court will credit $1,700 towards the amount in controversy. Adding $1,700 to the $72,863.40 figure from the previous subsection, Central Freight has proven an amount in controversy of **$74,563.49**.

**C. Central Freight Has Not Met Its Burden**

This is undoubtedly a close case. In such instances, it is critically important to consider the policies underlying removal. To this point, the Court recognizes that where there is "any doubt" whether "removal was proper in the first instance," that doubt should be resolved "against finding subject matter jurisdiction" and in favor of

remanding the case. *See Moye*, 2016 WL 1298715, at *4 (citing *Gaus*, 980 F.2d at 566). There is doubt in this case and thus, it must be remanded.

The burden is squarely on Central Freight to establish an amount in controversy exceeding $75,000 "by a preponderance" of the evidence, and it has not carried that burden. *Guglielmino*, 506 F.3d at 701. Despite clear guiding authority that it had the burden of "actually proving the facts" necessary "to support jurisdiction," Central Freight did not produce one shred of independent evidence in opposition to this motion and did not even attempt to assign a value to Villarreal's "minimum wages" claim. (*See* Opp'n 3–4.); *see also Gaus*, 980 F.2d at 566–567. In light of the calculations outlined in the previous subsections and considering that the removal statute is to be strictly construed against removal, the Court **GRANTS** Villarreal's motion to remand based on Central Freight's failure to prove an amount in controversy exceeding $75,000.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Villarreal's motion to remand. (ECF No. 11.) The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

February 13, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**